UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD HAMILTON,

    Plaintiffs,                                   Hon. Janet T. Neff

v.                                                    Case No. 1:17-cv-660

FEDERAL HOME LOAN
MORTGAGE CORPORATION, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 51). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and this action **terminated**.

## BACKGROUND

On or about August 4, 2005, Plaintiff executed a note pursuant to which he borrowed eighty-five thousand dollars ($85,000.00) in return for which he granted Defendant Fifth Third a mortgage on the subject property. (ECF No. 6-1 at 33-43). Plaintiff subsequently defaulted on his loan obligations and on or about December 3, 2014, Plaintiff paid five thousand seven hundred eighty-eight dollars and seventy-one cents ($5,788.71) to satisfy his arrearage amount and reinstate his mortgage. (ECF No. 6-1 at PageID.26-31). Plaintiff was expressly informed that payment of this amount would make his loan "good through 12/3/2014," but that "this will leave the account due 1/1/2015." (ECF No. 6-1 at PageID.26).

On or about February 26, 2015, Plaintiff was informed that he was again in default on

his loan obligations. (ECF No. 51-3 at PageID.211). Plaintiff was expressly instructed that "failure to pay the past due amount" would "result in acceleration of your loan and the foreclosure of the property." (ECF No. 51-3 at PageID.211). Foreclosure proceedings were subsequently initiated and the subject property was sold at auction on July 30, 2015, to Defendant Federal Home Loan Mortgage Corporation. (ECF No. 10-2 at PageID.59-64). Plaintiff did not redeem the property prior to the expiration of the statutory redemption period. *See* Mich. Comp. Laws § 600.3240.

On April 14, 2016, Defendant Federal Home Loan Mortgage Corporation obtained in state court a judgment awarding it possession of the subject property and further providing that it could apply for an order of eviction if Plaintiff did not vacate the property by April 25, 2016. (ECF No. 6-1 at PageID.24). Plaintiff unsuccessfully appealed the matter, (ECF No. 10-4 at PageID.66; ECF No. 10-5 at PageID.67), and Defendant Federal Home Loan Mortgage Corporation ultimately obtained an Order of Eviction on April 21, 2017. (ECF No. 51-4 at PageID.213). Plaintiff initiated the present action on July 21, 2017, against Defendants Federal Home Loan Mortgage Corporation and Fifth Third Mortgage-MI, LLC, alleging: (1) breach of contract; (2) quiet title; and (3) slander of title. (ECF No. 1). On February 6, 2018, Defendants filed a motion for summary judgment, to which Plaintiff has failed to respond.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify

specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The party with the burden of

proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

The basis of Plaintiff's complaint is his allegation that Defendants unlawfully foreclosed on the subject property and then unlawfully evicted therefrom. These matters have already been litigated in state court, however. As a result, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

Unlike state courts, which are courts of general jurisdiction, the federal courts are courts of limited jurisdiction. A significant limitation upon the jurisdiction of the federal district courts is that such courts are precluded from reviewing judgments of the state courts. As the Supreme Court has long recognized, the jurisdiction of the federal district courts is "strictly original" and, therefore, only the United States Supreme Court can "entertain a proceeding to reverse or modify" a judgment entered by a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *see also*, *Durham v. Haslam*, 2013 WL 2665786 at *3 (6th Cir., June 13, 2013) ("federal appellate jurisdiction over a state court decision lies exclusively with the Supreme Court, and not lower federal courts").

While Plaintiff does not expressly reference the aforementioned state court proceedings in his complaint, it is clear that what Plaintiff is seeking from this Court is to overturn the result imposed by the state courts. Plaintiff requests that this Court stay the stay state court order awarding possession to Defendant Federal Home Loan Mortgage Corporation and find that Plaintiff "has lawfully redeemed the property and quiet title to him." This Court lacks the authority and jurisdiction

to hear Plaintiff's "appeal" of the state court decisions discussed above.  *See Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) (the federal district courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *Durham*, 2013 WL 2665786 at *3 (same).  Accordingly, the undersigned recommends that Defendants' motion for summary judgment be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (ECF No. 51), be **granted** and this action **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: May 23, 2018                         /s/ Ellen. S. Carmody
                                           ELLEN S. CARMODY
                                           U.S. Magistrate Judge